# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRESCHNER, | 1:07-cv-01328 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| KEN CLARK, Warden, | [Doc. 1] |
| Respondent. | |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner filed the instant petition for writ of habeas corpus on September 11, 2007.

Petitioner is challenging his 1984 conviction in the United States District Court for the District of Kansas for first degree murder and conspiracy to commit murder.  Petitioner was sentenced to two terms of life.

Petitioner sought review in the United States Court of Appeals for the Tenth Circuit, which affirmed the conviction, and the United States Supreme Court denied review.

Petitioner has previously filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.[1]  On June 8, 1995, the sentencing court denied the motion.

---

[1] The Court takes judicial notice of these facts from case number 06-cv-01092 OWW LJO HC.  A Court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).

1

On July 12, 1995, Petitioner appealed to the Tenth Circuit Court of Appeals. The Tenth Circuit affirmed the district court ruling on October 10, 1996. On October 21, 1996, Petitioner moved for rehearing or rehearing en banc, and the motion was subsequently denied.

Petitioner previously filed a federal petition in this Court, case number 06-cv-01092 OWW LJO HC, which was dismissed on October 18, 2006, for failing to allege any grounds that would entitle him to relief under 28 U.S.C. § 2241.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his conviction rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. A petition contending Petitioner's conviction is invalid is still a § 2255 petition regarding of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Here, Petitioner contends that he has not had an unobstructed procedural shot at presenting the claim that his trial judge was biased. Specifically, Petitioner contends that in ruling on his prior federal petition in case number, 06-cv-01092 OWW LJO HC, the Court did not address that claim. Alternatively, Petitioner contends that he is actually innocent of the offense. Here, it is clear that Petitioner does not demonstrate the § 2255 remedy to be inadequate or ineffective. Although Petitioner contends that he is actually innocent, Petitioner makes no showing that he is factually innocent of the underlying conviction; rather, Petitioner claims constitutional error in the administration of his trial. Petitioner has had several opportunities at earlier times to effectively raise his claim of innocence. Petitioner concedes that he filed a second a § 2255 motion in the Tenth Circuit Court of Appeals regarding the claim that the trial judge was biased; however, the motion was denied stating that Petitioner had failed to attach any evidence of the biased judge. (Petition, at 3-H.) The fact that Petitioner was unaware of the necessity of such pleading requirement does not demonstrate that he has not had an "unobstructed procedural shot" at presenting his claim. Accordingly, the instant petition must be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and

3

2.      The Clerk of Court be directed to enter judgment.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    **November 7, 2007**                       **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

4